UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-CV-22534-SCOLA-GOODMAN

NEW VISION UNLIMITED, LLC, d/b/a
VISION UNLIMITED, individually and on
behalf of all others similarly situated,

    *Plaintiff*,

v.

OPTIMAX INVESTMENTS, LTD.,
LENS.COM, INC.,
WEB EYE CARE, INC., and
CONTACT LENS KING, INC.,

    *Defendants*.

_____/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

Defendants Optimax Investments, Ltd., Lens.com, Inc., Web Eye Care, Inc., and Contact Lens King, Inc. (collectively, "Defendants") file this reply in further support of their motion to stay discovery pending resolution of Defendants' motion to dismiss, [ECF No. 49] (the "Motion"), and in response to Plaintiffs' opposition to the Motion, [ECF No. 54] (the "Opposition").[1]

**ARGUMENT**

**I.    Defendants' Motion to Dismiss Is Clearly Meritorious and Case Dispositive.**

Plaintiff agrees that a stay of discovery is appropriate where a "preliminary peek" at a

---

[1] Pursuant to the Court's January 3, 2023 Order, [ECF No. 50], Plaintiff filed a substantively-unchanged Amended Complaint on January 4 substituting Optimax Investments, Ltd., as a Defendant. [ECF No. 51]. On January 5, Defendants re-filed a substantively-unchanged motion to dismiss the Amended Complaint. [ECF No. 56]. The motion to dismiss the Amended Complaint is now fully briefed, and the arguments herein are based on that operative motion.

pending motion to dismiss reveals it "to be clearly meritorious and truly case dispositive." Opp. at 1 (quoting *Buechler v. Rumble Inc.*, No. 22-cv-2237, 2022 WL 17582552, at *2 (M.D. Fla. Dec. 12, 2002)); *see also* Mot. at 4 (quoting *Candelario v. La Libertad Mkt. Cafeteria Inc.*, No. 21-CV-23141, 2022 WL 1122610, at *2 (S.D. Fla. Apr. 14, 2022)). This confirms that a stay is warranted here, as Defendants have advanced four independent grounds for dismissal that are each "clearly meritorious and truly case dispositive"—Plaintiff's inability to adequately plead (1) falsity, (2) consumer deception, (3) materiality, or (4) standing sufficient to state a Lanham Act false advertising claim. *See* Mot. at 5-7.

Plaintiff's primary response to Defendants' arguments for dismissal—in both the Opposition and Plaintiff's opposition to the motion to dismiss—is that they "rais[e] factual disputes." Opp. at 2; *see also* [ECF No. 57] at 6, 8, 20. But even a preliminary peek at the motion to dismiss confirms that Defendants' arguments all rely on Plaintiff's own allegations—or absence thereof—and the representations in the very websites that Plaintiff concedes are "cited in the Complaint and [thus] . . . incorporated in it." [ECF No. 57] at 19. By way of only one example, Plaintiff concedes that all of the processing fees it complains of are fully disclosed on Defendants' respective websites prior to check-out. *See id.* at 5-7. This, alone, is dispositive of Plaintiff's false advertising claim and presents no factual dispute. *See* Mot. at 5-6. Defendants have cited numerous cases in both the Motion and their motion to dismiss in which false advertising or related claims were dismissed as a matter of law on analogous allegations. *Id.* at 4-8. By contrast, Plaintiff is unable to cite a single case supporting its deficient false advertising theory. *See* Opp. at 2.

Because each of the four independent arguments advanced in Defendants' motion to dismiss is clearly meritorious and case dispositive, a stay of discovery is appropriate. *See Riley v. Heritage Cas. and Ins. Co.,* No. 22-CV-22893-RNS, 2022 U.S. Dist. LEXIS 226881 at *3-4 (S.D.

Fla. Dec. 16, 2022) (granting a stay where "[a]fter a 'preliminary peek at [the] motion to dismiss, and the concomitant briefing, the Court [found] the issues raised appear[ed] to be both 'clearly meritorious and truly case dispositive'") (quoting *Ray v. Spirit Airlines, Inc.,* No. 12-CV-61528-RNS, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)).

**II.     A Stay Would Not Prejudice Plaintiff, Whereas Discovery Would Prejudice Defendants.**

As this Court recently stated in *Riley*, when deciding a motion to stay, "[c]ourts consider the relative prejudice and hardship worked on each party if a stay is or is not granted and general efficiency." 2022 U.S. Dist. LEXIS 226881, at *3 (internal quotation marks omitted). Plaintiff argues that the prejudice articulated by Defendants in the Motion—that "this is nationwide class action, which will require four different Defendants to engage in costly discovery on a likely meritless claim"—is too "generalized" to support a stay. Opp. at 2-3 (quoting Mot. at 8-9). But such prejudice is self-evident, and the Court stayed discovery on identical grounds in *Riley*. 2022 U.S. Dist. LEXIS 226881, at *4 ("If the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for any discovery in this proceeding—including what appears to involve substantial class-action-related discovery—will . . . be eliminated altogether.").

By contrast, Plaintiff cannot articulate any "relative prejudice" that it will suffer if a brief stay of discovery is granted. *Id.* at *3. Plaintiff points to class certification and discovery deadlines that are still months away and speculates that its "ability to timely obtain discovery" *may* be impacted "depending on the timing of the Court's order." Opp. at 3-4. Such speculation is far outweighed by the concrete harm Defendants would suffer by engaging in costly discovery on a meritless class action claim. Here, as in *Riley*, "Plaintiff[] do[es] not identify any harm or prejudice that would outweigh the efficiencies gained as a result of the temporary pause in the litigation of this case," and "will be afforded sufficient opportunity to conduct fulsome discovery if . . . [its]

CASE NO.: 1:22-CV-22534-SCOLA-GOODMAN

claims advance in this Court." 2022 U.S. Dist. LEXIS 226881, at *4. The Motion should be granted for this additional reason.

## CONCLUSION

For these reasons and those set out in the Motion, Defendants respectfully request that the Court grant a brief stay of discovery pending resolution of Defendants' motion to dismiss.

Date: January 12, 2023

Respectfully submitted,

/s/ *James E. Gillenwater*
**GREENBERG TRAURIG P.A.**
Mark A. Salky (Bar No. 58221)
James E. Gillenwater (Bar No. 1013518)
Robert S. Galbo (Bar No. 106937)
333 SE 2nd Ave., Suite 4400
Miami, FL 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
salkym@gtlaw.com
gillenwaterj@gtlaw.com
galbor@gtlaw.com
*Counsel for Defendant Optimax Investments Ltd.*

/s/ *James W. Lee*
**BOIES SCHILLER FLEXNER LLP**
James W. Lee (Bar No. 67558)
Andrew S. Brenner (Bar No. 978663)
Laselve E. Harrison (Bar No. 112537)
Michael C. Mikulic (Bar No. 125073)
100 SE 2nd St., Suite 2800
Miami, FL 33131
Tel: (305) 359-8400
Fax: (305) 539-1307
jwlee@bsfllp.com
abrenner@bsfllp.com
lharrison@bsfllp.com
mmikulic@bsfllp.com
*Counsel for Defendant Lens.com, Inc.*

/s/ *Michael C. Spain*
**NEWMAN DU WORS LLP**
Michael C. Spain (Bar No. 005606)
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Tel: (206) 274-2800
Fax: (206)-274-2801
michael@newmanlaw.com
*Counsel for Defendant Web Eye Care, Inc.*

/s/ *Benjamin J. Widlanski*
**KOZYAK TROPIN & THROCKMORTON LLP**
Benjamin J. Widlanski (Bar No. 1010644)
Tal J. Lifshitz (Bar No. 99519)
Eric S. Kay (Bar No. 1011803)
2525 Ponce De Leon Boulevard
9th Floor
Miami, FL 33134
305-372-1800
Fax: 305-372-3508
bwidlanski@kttlaw.com
tjl@kttlaw.com
ekay@kttlaw.com
*Counsel for Defendant Contact Lens King, Inc.*

CASE NO.: 1:22-CV-22534-SCOLA-GOODMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ James E. Gillenwater
JAMES E. GILLENWATER

## SERVICE LIST

**CASE NUMBER:  1:22-CV-22534**
**United States District Court, Southern District of Florida**

**DAPEER LAW, P.A.**
Rachel N. Dapeer (Bar No. 108039)
20900 NE 30th Ave., Ste. 417
Aventura, FL 33180
Tel: 305-610-5223
rachel@dapeer.com

**DOVEL & LUNER, LLP**
Simon Franzini (*admitted pro hac vice*)
Jonas Jacobson (*admitted pro hac vice*)
201 Santa Monica Blvd., Ste. 600
Santa Monica, CA 90401
Tel: 310-656-7066
simon@dovel.com
jonas@dovel.com

*Attorneys for Plaintiff*
*New Vision Unlimited, LLC*