United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| New Vision Unlimited, LLC, dba Vision Unlimited, individually and on behalf of all others similarly situated, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 22-22534-Civ-Scola |
| Glasses USA, Inc., and others, Defendants. | ) ) ) | |

### Order Granting Temporary Stay

Plaintiff New Vision Unlimited, LLC, an optical goods and services provider, brings this putative class action against four online contact-lens retailers—Defendants Optimax Investments, Ltd.; Lens.com, Inc.; Web EyeCare, Inc.; and Contact Lens King, Inc.—alleging that they each engaged in false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (Am. Compl., ECF No. 51.) In response, the Defendants have jointly filed a motion to dismiss (Defs.' Jt. Mot. to Dismiss, ECF No. 56), submitting New Vision has failed to state a claim for false advertising under the Lanham Act. That motion is fully briefed, and the Defendants now asks the Court to stay discovery, pending the Court's resolution. (Def.'s Mot. to Stay, ECF No. 49.) New Vision objects to the stay, arguing (1) such stays are disfavored in this district; (2) the Defendants' motion does not present any clearly meritorious arguments that would warrant the dismissal of New Vision's complaint; and (3) the Defendants have not made a specific showing of prejudice or burdensomeness. (Pl.'s Resp., ECF No. 54.) The Defendants have timely replied. (Defs.' Reply, ECF No. 59.) Having considered the parties' arguments and for the following reasons, the Court finds a limited stay in this case warranted and therefore **grants** the Defendants' request for a temporary stay of discovery. (**ECF No. 49**.)

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in

discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate). In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

After a "preliminary peek" at the Defendants' motion to dismiss, and the concomitant briefing, the Court finds at least one issue raised appears to be both "clearly meritorious and truly case dispositive." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman,* 176 F.R.D. at 652–53). In particular, at this stage of review, the Court finds the Defendants' materiality argument compelling and, if successful, would be case dispositive. Accordingly, if the Defendants' motion to dismiss is granted in its entirety, which at this preliminary point in the litigation appears likely, the need for any discovery in this proceeding—including what appears to involve substantial class-action-related discovery—will, as the Defendants explain, be eliminated altogether. Further, New Vision does not identify any actual harm or prejudice that would outweigh the efficiencies gained as a result of the temporary pause in the litigation of this case. New Vision will be afforded sufficient opportunity to conduct fulsome discovery if its claims advance.

The Court thus finds a stay warranted and **grants** the Defendants' motion to stay (**ECF No. 49**). Discovery is therefore **stayed** until this Court issues its order on the Defendants' motion to dismiss. If the motion is ultimately denied discovery must immediately move forward.

The parties must file an amended joint discovery plan and conference report within **seven days**, taking into account the impact that the stay of discovery has had on other *remaining* deadlines, if the Court ultimately denies the Defendants' motion. While discovery is stayed, the parties may not take any action related to discovery.

**Done and ordered** in Miami, Florida, on March 30, 2023.

Robert N. Scola, Jr.
United States District Judge